IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Levern McCrea, # 348291, | ) C/A No. 5:12-0024-DCN-KDW |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Warden McKie, | ) |
| Respondent. | ) |

## *Background*

Petitioner is an inmate at the Kirkland Correctional Institution of the South Carolina Department of Corrections. He is serving a life sentence for a conviction for murder entered in the Court of General Sessions for Williamsburg County on October 21, 2011, in a jury trial. Petitioner must also serve a consecutive five-year sentence for possession of a weapon during a violent crime. The two charges were brought under Indictment No. 2010-GS-45-00135. Petitioner indicates that his direct appeal to the South Carolina Court of Appeals is pending. Petitioner raises two grounds in the Petition: *(1)* conviction obtained without support of any credible evidence; and *(2)* prejudicial error, abuse of discretion by trial court, and ineffective assistance of counsel because Petitioner was forced to represent himself at trial.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism

and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

With respect to his convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which can be sought only after Petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v.*

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district court.

*30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971) (exhaustion required under § 2241).

The exhaustion requirements under § 2254 are fully set forth in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

*Matthews v. Evatt*, 105 F.3d at 910-11 (internal citations omitted).

Petitioner has not exhausted his state court remedies because his direct appeal is pending. Exhaustion of state court remedies is required by 28 U.S.C. § 2254(b)(1)(A). A direct appeal is the first step taken by a recently convicted South Carolina prisoner to exhaust his or her state court remedies. *State v. Northcutt*, 641 S.E.2d 873 (S.C. 2007). It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-52 (1989).

With respect to his allegations in Ground Two of ineffective assistance of counsel, *see* Petition (ECF No. 1) at page 17, Petitioner can raise them in an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10; *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Brightman v. State*, 520 S.E.2d 614 (S.C. 1999); and *Drayton v. Evatt*, 430 S.E.2d 517, 519-20 (S.C. 1993) (issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent

a claim of ineffective assistance of counsel).  The applicant in a post-conviction application may allege constitutional violations in a post-conviction proceeding but only if the issue could not have been raised by direct appeal.  *Gibson v. State*, 495 S.E.2d 426, 428 (S.C. 1998) (*citing* S.C. Code Ann. § 17-27-20(a)(1), (b)); *Simmons v. State*, 215 S.E.2d 883 (S.C. 1975)).  "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review."  *Gibson v. State*, 495 S.E.2d at 428.

If a South Carolina litigant's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of *certiorari*) in that post-conviction case.  *See* S.C. Code Ann. § 17-27-100; *Knight v. State*, 325 S.E.2d 535 (S.C. 1985). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is a viable state-court remedy.  *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir. 1977).

Petitioner has yet to exhaust three viable state court remedies    his pending direct appeal, an application for post-conviction relief, and (if necessary) an appeal in the form of a petition for writ of *certiorari* in the post-conviction case. The court should not keep this case on its docket while Petitioner is exhausting his state court remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See Pitchess v. Davis*, 421 U.S. 482, 490 (1975); *Lawson v. Dixon*, 3 F.3d 743, 749, n.4 (4th Cir. 1993) ("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

## *Recommendation*

The undersigned recommends that the § 2254 Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, which provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." It is also recommended that the court deny a Certificate of Appealability. Petitioner's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

February 1, 2012                                         Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).